IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTCOAST GROUND SERVICES, INC., *et al.*,<br><br>      *Plaintiffs,*<br><br>  v.<br><br>ALLEGRO GROUP, INC., *et al.*,<br><br>      *Defendants.* | CIVIL ACTION<br>NO. 19-1570 |

**PAPPERT, J.**                                                                                                             January 2, 2020

## **MEMORANDUM**

      Plaintiffs West Coast Ground Services, Inc. and Alexander Rubinchik filed a Complaint asserting a claim for breach of contract against Defendant Allegro Group, Inc. and claims for defamation, tortious interference with contractual relations and equitable relief against Defendants Allegro and its CEO Vadim Voronin. (ECF No. 1.)

      The case has a unique procedural history and posture. Absent any response to the Complaint, Plaintiffs requested the entry of a default (ECF No. 5), and subsequently filed a motion seeking a default judgment. (ECF No. 6.) Voronin, who is proceeding *pro* se, responded with a motion (ECF No. 9) which the Court construed as seeking to dismiss Plaintiffs' Complaint for lack of jurisdiction and improper venue. (ECF No. 8.) Voronin also contends that Plaintiffs did not serve him with the Complaint. Following an on the record telephone conference with Plaintiffs and Voronin (ECF No. 12), the Court denied Plaintiffs' motion for a default judgment

without prejudice (ECF No. 8) and Plaintiffs thereafter responded to Voronin's motion. (ECF No. 11.) The Court now denies Voronin's motion for the reasons that follow.

I

As an initial matter, no attorney has entered an appearance on Allegro's behalf and Allegro may not represent itself in federal court.[1] *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities."). Accordingly, the motion to dismiss has been brought on Voronin's behalf only. Consistent with Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs may reapply to the Court for a default judgment against Allegro.

II

Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure govern motions to dismiss for insufficient service of process. Voronin argues that the Court lacks jurisdiction over him because, he contends, Defendants failed to properly serve him with their Complaint and submitted "false affidavits of service and false statements in [their] complaint." (Def.'s Mot. at 3.) To the contrary, Voronin was properly served.

---

[1] The Court made this clear to Voronin in the August 21, 2019 on the record telephone conference. (*See* Tr. Aug. 21, 2019 Telephone Conf., ECF No. 12, at 6:2-4 ("And you're going to have to retain an attorney to represent the interests of Allegro Group, Incorporated, because you cannot, do you understand that?") Voronin said that he understood. (*Id.* at 6:5-7.) On the call, Voronin also represented that Alexander Herman, an attorney who has not entered an appearance in this case, "was helping [him] to . . . do the[ ] papers." (*Id.* at 8:17-19.) The Court asked Voronin to consider asking Mr. Herman to represent Allegro "because the company, the corporate entity, itself needs a lawyer[.]" (*Id.* at 9:5-10.) Voronin explained that he understood that Allegro would require an attorney but he did not "have enough funds . . . for the lawyer." (*Id.* at 10:3-5.) The Court reiterated that absent a lawyer for Allegro, Voronin would not "be able to file any defenses on behalf of [it] and that may result in a judgment being entered against Allegro Group, Inc. at some point[.]" (*Id.* at 17:17-21.) Voronin again stated that he understood. (*Id.* at 17:22.)

Plaintiffs filed their Complaint on April 11, 2019 (ECF No. 1) and had 90 days, or until Wednesday, July 10, 2019, to serve Defendants. *See* Fed. R. Civ. P. 4(m). According to Plaintiffs, "a copy of the Summons and Complaint was sent to Allegro and Vadim Voronin by regular and certified mail on April 22, 2019 to Voronin's home address and Allegro's registered office at 10 Shore Boulevard, Suite 1L, Brooklyn, NY 11235." (Pls.' Opp'n Mem., at 2.) They note that "the certified letters were unclaimed," but explain that "the regular mail was not refused and has not been returned to counsel for Plaintiffs as undeliverable." (Pls.' Opp'n Mem. at 2.) Indeed, Voronin concedes receipt of the Summons and Complaint in his mailbox on June 7, 2019. (Def.'s Mot. at 3 ("I did receive in the mailbox the Summons and Complaint on June 7, 2019."); *see also* Tr. Aug. 21, 2019 Telephone Conf. at 23:5-7 ("[I]n the mail, I received – in the mail, I received . . . .").) Plaintiffs also served the Complaint at Voronin's address by a private writ server on June 5, 2019. (Pls.' Mot., Ex. C, ECF No. 11-2 at ECF p. 33-35.)

Because Voronin resides in New York, Plaintiffs were permitted to follow New York rules for service of original process. Fed. R. Civ. P. (4)(e)(1) ("[A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made . . . .") Service on Voronin was proper under New York law. There is no dispute that the process server used the correct address.[2] Instead, Voronin argues that service was not proper because "[t]here is no one of suitable age and

---

[2] Voronin confirmed during the August 21, 2019 telephone conference that he receives mail at the address where the writ server served the summons and Complaint. (*See* Tr. Aug. 21, 2019 Telephone Conf., ECF No. 12, at 16:14-15.) Also, New York law provides that a process server's affidavit of service constitutes *prima facie* evidence of proper service. *See, e.g., Remington Investments, Inc. v. Seiden,* 658 N.Y.S.2d 696 (N.Y. App. Div. 1997) ("The affidavits of the process server constitute prima facie evidence of proper service pursuant to CPLR 308(2) . . . .").

3

discretion" who resides in his apartment to accept service. (Def.'s Mot. at 3.) While federal law would require any recipient other than Voronin to "reside" at his "dwelling or usual place of abode" for effective service, Fed. R. Civ. P. 4(e)(2)(A), New York law does not. Instead, the person on whom process is served must merely be at the residence of the person to be served and of suitable age and discretion provided that the summons is also "maile[d] to the person to be served at his last known residence . . . such delivery and mailing to be effected within twenty days of each other . . . ." N.Y.C.P.L.R. § 308(2). The process server served the summons and Complaint at Voronin's address on June 5, 2019 and Voronin admits having received the Complaint by mail two days later on June 7, 2019. Voronin was properly served consistent with Section 308(2).

III

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a defendant to raise the defense of lack of personal jurisdiction in response to a complaint. Fed. R. Civ. P. 12(b)(2). Once challenged, Plaintiffs bear the burden of establishing the Court's personal jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

The claims in Plaintiffs' Complaint arise out of two contracts between West Coast Ground Services and Allegro with the following identical forum selection

4

language: "This Agreement shall be governed by and interpreted in accordance with laws of the Commonwealth of Pennsylvania. The Parties agree that the Federal Courts of the Eastern District of Pennsylvania shall have exclusive jurisdiction over any legal action brought under this Agreement." (Def.'s Mot., ECF No. 9, Ex. E ("Non-disclosure Agreement" or "NDA") at ¶ 12 and Ex. F ("Transportation Services Agreement" or "TSA") at § 11(b).) Plaintiffs rely on the forum selection clauses to support the Court's jurisdiction. (*See* Pls.' Opp'n Mem., ECF No. 11-1, at 6). They argue that the clauses should bind Voronin "as he is the sole owner/employee of Allegro and he directly benefited from the TSA." (Pls.' Opp'n Mem. at 8.)

As a general matter, a party may consent to personal jurisdiction through a forum selection provision. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). Traditional principal-agent relationships such as the relationship between Allegro and its CEO, may bind parties to a forum selection clause. *See Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc.*, No. 18-1718, 2019 WL 398938, at *3 (Jan. 31, 2019) (citing *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 194-95 (3d Cir. 2001)). Forum selection clauses are "presumptively valid" and must be enforced absent a showing that "enforcement of the clause would violate a strong public policy of the forum." *In re Exide Tech.*, 544 F.3d 196, 218 n.15 (3d Cir. 2008). So long as "forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process." *Burger King*, 471 U.S. at 472 n.14 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). "When parties have contracted in advance to litigate disputes in a particular forum, courts should not

5

unnecessarily disrupt the parties' settled expectations." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 66 (2013).

Voronin signed the TSA and the NDA as Allegro's "CEO." (Def.'s Mot., Ex. E at ECF p. 18; Def.'s Mot., Ex. F at ECF p. 7.) In his motion, he concedes that he is Allegro's "sole shareholder." (Def.'s Mot. at 1.) Nevertheless, he argues that the forum selection provisions in the TSA and the NDA are unenforceable because they were "obtained by fraud, misrepresentation and without authority to do so." (*Id.* at 3.) Voronin contends that although he signed two signature pages, he "was never told about the TSA . . . or the selection of the court and the venue." (*Id.* at 2.) He asserts that he "never saw the TSA other than the signature page, never read it, . . . nor ever did any business in P[ennsylvania]." (*Id.*) Voronin does not make the same specific disclaimers with respect to the NDA or its forum selection provision.

A purported failure to read the terms of the TSA or NDA is not a defense to the Court's jurisdiction over Defendants' claims. *See Wilson of Wallingford v. Reliable Date Sys., Inc.*, No. 95-6686, 1995 WL 734232, at *2 (E.D. Pa. Dec. 5, 1995) ("[T]he critical inquiry is whether the provision had been reasonably communicated by the agreement, not whether the party actually read it or bargained over it."); *see also Patriot Commercial Leasing Co. v. Kremer Rest. Enters., LLC*, 915 A.2d 647, 651 (Pa. Super. Ct. 2006) ("failure to read contractual language is not a defense in a contract action"). Voronin has not established an inference of fraud or overreaching by virtue of his claim that he did not read the forum selection clauses in the agreements that he signed. Further, because the language of the forum selection provision makes clear that the parties intended to make the Eastern District of Pennsylvania the sole location for

6

litigation of disputes, enforcement of the forum selection clauses is not unjust or unreasonable. Voronin is bound to the forum selection clause and the Court may exercise personal jurisdiction over Defendants' claims against him.

IV

To the extent Voronin argues this case should be transferred to the Eastern District of New York, the Court disagrees. 28 U.S.C. § 1404(a) authorizes the District Court to transfer an action to "any other district or division where it might have been brought" if such transfer is "[f]or the convenience of parties and witnesses [and] in the interest of justice." "Section 1404(a) . . . provides a mechanism for enforcement of forum selection clauses that point to a federal district court." *Atl. Marine*, 571 U.S. at 59. It does not matter that the Eastern District of New York may be a more convenient venue for Voronin. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. Because Voronin seeks to avoid the selected forum, he "must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67. He has not met his burden because his motion sets forth no public interest considerations that might weigh in support of a transfer. *See id.* at 63 n.6. ("Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law.") (citation and alterations omitted).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.